### BOWEN *vs.* THE STATE OF GEORGIA.

'The solicitor-general has no legal authority to return into court a special presentment or indictment found by the grand jury, and if no return be duly entered upon the minutes of the court at the term when the presentment or indictment was found, there is no presumption that the return was duly made. An entry at a subsequent term, without an order to make the entry *nunc pro tunc*, will not cure the omission to enter the return at the proper time.

February 11, 1889.

Officers. Indictment. Practice in Supreme Court. Practice in superior court. Before Judge FAIN. Bartow superior court. January term, 1888.

Reported in the decision.

J. B. CONYERS, for plaintiff in error.

J. W. HARRIS, JR., solicitor-general, by A. S. JOHNSON, for the State.

BLECKLEY, Chief Justice.

This was a special presentment charging Bowen with the offence of shooting at another. On his arraignment he pleaded specially that the presentment was not returned into court by the grand jury, nor by any sworn officer, but was privately handed to the solicitor-general by only one member of the grand jury. The plea was demurred to, and the demurrer sustained. This is one of the grounds of the motion for a new trial.

Had the minutes of the court shown that the special presentment was returned at the term at which it was found, the presumption would have been that it was regularly returned, and in that case the proper proceeding would have been to correct the minutes if they did not speak the truth. But where the minutes are silent as to the fact of return, there is no presumption that the return was regular; and such was the case as we have discovered with respect to the special presentment now under adjudication. This presentment was found by a grand jury at the January term, 1883; and according to the certificate of the clerk giving a copy of the entries, it was not entered as returned until July term, (July 9th, 1883.) The clerk also certifies that no order appears directing the entry to be made *nunc pro tunc;* so that there was no authority whatever for making the entry at the time it was made, to wit, at the July term, 1883. It follows that the special plea did not contradict the record in any respect, and we think the plea should have been entertained, and the truth of what it alleged inquired into.

It has been held, in *Davis vs. State,* 74 *Ga.* 870, and *Danforth vs. State,* 75 *Ga.* 614, that the sworn bailiff of the grand jury is competent to make return of bills found by the grand jury; but we think this is going quite far enough. The solicitor-general has no legal

authority to perform that function. Though an officer of court, he is the public prosecutor, the State's counsel, and for him to represent the grand jury in making return of its proceedings, is incompatible with his relation as counsel and prosecuting officer in behalf of the State. When a grand jury, as a body, present themselves in open court, and the solicitor-general acts merely, in presence of the court and the public, as the medium of transmission between the jury and the clerk, there is nothing improper. This is in accordance with custom long established, and the most fastidious criticism could not object to it; but the matter is far different when the solicitor-general undertakes to receive in private, from one or more members of the grand jury, bills or presentments which purport to have been found by that body, and brings them into court during the absence of the jury from the court-room.

The record, as originally sent up, did not disclose the full state of facts to which we have made reference in the foregoing recital, but exercising our powers under section 4272(g) of the code, we caused the clerk to complete the record, and to disclose by his certificate the true state of the minutes touching the return of the special presentment.

We think the court erred in not granting a new trial. According to authority, the proper, if not the only evidence of the action of the grand jury, is an entry duly made upon the record. Wharton Crim. Plead. and Prac. 8th Ed., §371; Com. vs. Cawood, 2 Va. Cas. 527; Chappel vs. The State, 8 Yerger, 166; Brown vs. The State, 7 Humph. 154; The State vs. Glover, 3 Iowa (G. Greene), 249; Rainey vs. People, 3 Gilman, 71; The State vs. Davidson, 2 Cold. 185.

Judgment reversed.